UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY WOODS,<br><br>        Plaintiff,<br><br>v.<br><br>SECURITAS TECHNOLOGY CORPORATION, ET AL.,<br><br>        Defendants. | Case No.: 25-cv-00810-AJB-AHG<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR DISMISSAL OF PAGA CAUSE OF ACTION**<br><br>**(Doc. No. 15)** |

  Before the Court is Plaintiff Roy Woods' ("Woods") Request for Dismissal of PAGA Cause of Action. (Doc. No. 15.) Upon a review of the record and Woods' filings, the Court **GRANTS** Woods' request.

  On February 4, 2025, Woods initiated the present action in the Superior Court of the State of California for the County of San Diego. (Doc. No. 1-2 at 5–15.[1]) Woods raised six causes of action: (1) employment discrimination and retaliation pursuant to California Government Code sections 12940, *et seq.*; (2) failure to pay all compensation owed, in violation of California Labor Code section 204; (3) failure to provide accurate itemized

---

[1] Page citations refer to the pagination generated by the Case Management/Electronic Case Files system.

wage statements, in violation of California Labor Code section 226; (4) failure to reimburse Plaintiff for necessary business expenditures incurred in the discharge of his duties, in violation of California Labor Code section 2802; (5) failure to pay Plaintiff all wages earned and unpaid, in violation of California Labor Code sections 201 through 203; and (6) engaging in unlawful, unfair, or fraudulent business acts or practices, in violation of California Business and Professions Code sections 17200, *et seq.* (Doc. No. 1-2 at 9–14 ¶¶ 22–56.) The following month, Woods served the Summons and Complaint on Defendant Securitas Technology Corporation ("Securitas"), which timely removed the action to federal court. (*Id.* at 2 ¶ 3; *see also* Doc. No. 1.)

On April 24, 2025, Woods filed the operative First Amended Complaint to add a seventh, Private Attorneys General Act ("PAGA") cause of action under California Labor Code section 2698 (the "PAGA Claim" or "PAGA Cause of Action"). (Doc. No. 5 at 12–14 ¶¶ 65–74.)

Following settlement discussions, including an Early Neutral Evaluation Conference held before Magistrate Judge Allison H. Goddard (*see* Doc. No. 13), "the parties agreed to settle the claims brought by Mr. Woods in a representative capacity." (Doc. No. 15-1 at 2 ¶¶ 3–4.)

On October 1, 2025, Woods filed the present Request for Dismissal of PAGA Cause of Action. (Doc. No. 15.)

Because California Labor Code § 2699(s)(2) requires that the presiding court "shall review and approve any settlement of any civil action filed pursuant to [California Labor Code Part 13]," the Court ordered the parties to submit the proposed settlement to the Court for its review. (Doc. No. 16.)

Although the parties maintain that "this Labor Code provision only applies when there is a settlement – as opposed to a dismissal – of PAGA claims," they nevertheless provided the Court with a copy of their settlement agreement. (Doc. No. 17 at 2 ¶ 5, 4–17.)

The plain text of California Labor Code § 2699(s)(2) provides that "[t]he superior court shall review and approve *any* settlement of *any* civil action filed pursuant to

[California Labor Code Part 13]." (Emphasis added.) However, "[w]hile PAGA requires a trial court to approve a PAGA settlement, district courts have noted there is no governing standard to review PAGA settlements." *Kulik v. NMCI Med. Clinic Inc.*, No. 21-cv-03495-BLF, 2023 WL 2503539, at *3 (N.D. Cal. Mar. 13, 2023) (quoting *Hudson v. Libre Tech. Inc.*, No. 3:18-cv-01371-GPC-KSC, 2020 WL 2467060, at *8 (S.D. Cal. May 13, 2020)). Further, "[t]he parties do not cite, and the Court is not aware of any legal authority requiring court approval of individual offers of settlement." *Sandoval v. Brigantine, Inc.*, No. 20-cv-00189-JLS-MSB, 2020 WL 6504914, at *2 (S.D. Cal. Nov. 5, 2020) (quoting *Olivo v. Fresh Harvest, Inc.*, No. 17-cv-02153-L-WVG, 2019 WL 6329227, at *6 (S.D. Cal. Nov. 25, 2019)). Accordingly, "the Court does not believe it necessary or appropriate to engage in a detailed analysis of the fairness and reasonableness of the settlement terms, or the appropriateness of the attorneys' fees." *Id.*

Upon a review of the settlement, the Court finds that its structure appears fair and reasonable under the California Private Attorneys General Act. The settlement releases Securitas from Woods' individual claims. (*See* Doc. No. 17 at 9–10 ¶ 6.) It does not impact any other potentially aggrieved employees or the State of California. (*See generally id.* at 5–17; *see also id.* at 2 ¶ 2; *Ortega v. UnitedHealth Grp., Inc.*, No. 23-cv-05596-JST, 2025 WL 1906789, at *1 (N.D. Cal. July 10, 2025).)

Accordingly, the Court **APPROVES** the settlement of Woods' claims against Securitas and **GRANTS** Woods' request to dismiss with prejudice the PAGA Claim as it relates to Woods himself. The Court further **GRANTS** Woods' request to dismiss without prejudice the PAGA Claim as it relates to any other allegedly aggrieved employee. The Court takes no action on Woods' other causes of action at this time.

**IT IS SO ORDERED.**

Dated: October 22, 2025

Hon. Anthony J. Battaglia
United States District Judge